**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-7587**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

BOBBY RAY PARKER,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:07-cr-00163-F-1; 5:09-cv-00006-F)

———————————

Submitted: January 8, 2010        Decided: February 2, 2010

———————————

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Bobby Ray Parker, Appellant Pro Se. Eric David Goulian, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Ray Parker seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Parker has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2